# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY G. HAMPTON, JR., | No. 2:20-CV-1001-KJM-DMC-P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| LORI W. AUSTIN, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's motion, ECF No. 8, for injunctive relief.

The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established.  To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction.  See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365 (2008)).  To the extent prior Ninth Circuit cases suggest a lesser standard by focusing solely on the possibility of irreparable harm, such cases are "no longer controlling, or even viable."  Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009).  Under Winter, the proper test requires a party to demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public

1   interest.  See Stormans, 586 F.3d at 1127 (citing Winter, 129 S.Ct. at 374).  The court cannot,

2   however, issue an order against individuals who are not parties to the action.  See Zenith Radio

3   Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).   Moreover, if an inmate is seeking

4   injunctive relief with respect to conditions of confinement, the prisoner's transfer to another

5   prison renders the request for injunctive relief moot, unless there is some evidence of an

6   expectation of being transferred back.  See Prieser v. Newkirk, 422 U.S. 395, 402-03 (1975);

7   Johnson v. Moore, 948 F.3d 517, 519 (9th Cir. 1991) (per curiam).

8              In this case, Plaintiff seeks an order requiring prison officials at California State

9   Prison – Los Angeles County (Lancaster) to provide him "PLU" status for access to the prison

10  law library.  The Court finds that injunctive relief is not warranted for two reasons.  First, Plaintiff

11  has not demonstrated how he is likely to suffer an irreparable injury absent an injunction.

12  Second, Plaintiff seeks an order directed at prison officials who are not defendants to this action,

13  which concerns alleged conduct by officials at High Desert State Prison and the California

14  Medical Facility.

15             Based on the foregoing, the undersigned recommends that Plaintiff's motion, ECF

16  No. 8, for injunctive relief be denied.

17             These findings and recommendations are submitted to the United States District

18  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

19  after being served with these findings and recommendations, any party may file written objections

20  with the Court.  Responses to objections shall be filed within 14 days after service of objections.

21  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v.

22  Ylst, 951 F.2d 1153 (9th Cir. 1991).

23  Dated:  November 20, 2020

24                                              _____
                                                DENNIS M. COTA
25                                              UNITED STATES MAGISTRATE JUDGE

2