**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GARY G. HAMPTON, JR., | No. 2:20-CV-1001-KJM-DMC-P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| LORI W. AUSTIN, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. Pending before the Court is Plaintiff's complaint, ECF No. 1.

On July 23, 2021, the Court issued an order addressing Plaintiff's complaint. See ECF No. 16. The Court summarized Plaintiff's allegations as follows:

> Plaintiff names the following as defendants: (1) Lori Austin, the Chief Executive Officer at the California Medical Facility (CMF); (2) S. Gates, the Chief of Health Care Correspondence and Appeals; (3) N. McIntosh, the Chief of Mental Health at High Desert State Prison (HDSP); (4) Jennifer Roy, a clinician at HDSP; (5) Welch, a clinician at HDSP; (6) Hagen, a clinician at CMF; and (7) Croshow, a clinician at CMF. Plaintiff alleges the events outlined in the complaint took place at both CMF and HDSP. See ECF No. 1, pg. 1.
> Plaintiff states that he sought help from the "available B-Yard clinicians and Ad-Seg clinicians (Dr. Welch, Dr. Roy, etc.)" regarding safety concerns. Id. at 4. According to Plaintiff, he was being victimized by his cellmates and being extorted by violent gang members. See id. Plaintiff states that "custody refused to help me so I began [to] seek help threw [sic] mental help to be place [sic] in E.O.P." Id. Plaintiff states that he was told he could not be placed on E.O.P. unless he was

1

currently taking psychotropic medications prescribed by A-Yard clinicians. See id. Plaintiff states that, while this is untrue, he nonetheless allowed himself to be placed on medication and, despite this, was still not permitted E.O.P. treatment "for the voices and suicide thoughts I was having." Id. Plaintiff states that he was assaulted and robbed by "multiple cellmates I should have never been forced to live with and eventually I had a break down which could have been prevented 10-8-19 and tried to kill myself with a razor." Id.

Next, Plaintiff states that every time he addressed his concerns with B-Yard clinicians at HDSP, he was told to speak to "custody" who refused to help. Id. at 5. Plaintiff claims that he had fears living with a cellmate due to having been molested as a child by a male cousin. See id. Plaintiff states that his request for single-cell status was denied. See id. According to Plaintiff, he was told that if he was suicidal, he would be required to have a cellmate for his safety. See id. Plaintiff states that, despite conveying his concerns to prison staff, he was deliberately placed in 2-man cells with violent gang members. See id. Plaintiff claims that "clinicians like Dr. Roy" began to falsify his medical records and legal documents in order to minimize his safety concerns and prevent him from being placed on single-cell status. Id. at 6.

More specifically regarding Defendant Welch, Plaintiff states that he initially spoke to HDSP B-Yard clinicians about his safety and suicide concerns and was temporarily placed in administrative segregation where he spoke with Defendant Welch, a psychologist. See id. at 9. According to Plaintiff, he informed Defendant Welch "how bad the voices were in my head and how I was starting to have suicidal thoughts," but Defendant Welch "did nothing to help me." Id.

Plaintiff states the alleged conduct resulted in denial of his Eighth Amendment right to safety. See id. at 4, 5, 6.

ECF No. 16, pgs. 2-3.

The Court determined the complaint states a potentially cognizable claim against Defendant Welch based on Plaintiff's allegations that, despite knowledge of suicidal ideation, Defendant Welch "did nothing." Id. at 4. The Court also found that Plaintiff's complaint fails to state a claim against any other named defendant. The Court concluded:

> Plaintiff's complaint otherwise fails to establish a causal link between any other named defendant and the alleged Eighth Amendment violation related to safety. To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each

1 | individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

ECF No. 16, pgs. 4-5.

Plaintiff was provided leave to file a first amended complaint and cautioned that, if he did not do so within the time provided, the action would proceed on the original complaint against Defendant Welch only. See id. at 5. On September 8, 2021, the Court granted Plaintiff a 45- day extension of time to file a first amended complaint. See ECF No. 18. Plaintiff thereafter filed a first amended complaint on September 24, 2021. See ECF No. 19. That pleading, however, was stricken by order issued on December 1, 2021, because it was unsigned. See ECF No. 21. In the same order, Plaintiff was directed to file a signed first amended complaint within 30 days and again cautioned that, if he failed to do so within the time provided, the action would proceed on the original complaint against Defendant Welch only. See id. While Plaintiff has filed a signed "response" to the Court's December 1, 2021, this document is insufficient to constitute a first amended complaint because is refers to another pleading, specifically the original complaint, and does not specifically mention any of the originally named Defendants.

To date Plaintiff has not properly filed a first amended complaint setting out his claim against Defendant Welch let alone curing the defects the Court identified in the July 23, 2021, order with respect to the other named defendants. The Court, therefore, now recommends this action proceed on the original complaint against Defendant Welch only based on Plaintiff's claim that, despite knowledge of Plaintiff's suicidal ideation, Defendant Welch "did nothing," and that all other claims and defendants be dismissed.

///
///
///
///
///
///
///

3

Based on the foregoing, the undersigned recommends that:

1. This action proceed on Plaintiff's original complaint against Defendant Welch only on Plaintiff's claim that, despite Plaintiff's suicidal ideation, Defendant Welch "did nothing."

2. All other claims and defendants be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 14, 2022

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE