IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY G. HAMPTON, JR., | No. 2:20-CV-1001-KJM-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| E. WELSCH, | |
| Defendant. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983.

On August 17, 2022, the Court issued findings and recommendations addressing Defendant's unopposed motion to dismiss and recommended the motion be granted. See ECF No. 32. On August 29, 2022, Plaintiff filed objections. See ECF No. 33. On February 21, 2023, the District Judge issued an order declining to adopt the August 17, 2022, findings and recommendations and referring the matter back to the undersigned for consideration of whether appointment of counsel is warranted in this case. See ECF No. 35. Consistent with the District Judge's order, the Court construes Plaintiff's August 29, 2022, objections as a motion for the appointment of counsel.

///

///

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive and both must be viewed together before reaching a decision. See id. In Terrell, the Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim. The facts he alleged and the issues he raised were not of substantial complexity. The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

In the present case, the Court does not at this time find the required exceptional circumstances. A review of the docket in this case is instructive. Plaintiff initiated this action by way of a pro se complaint filed on May 18, 2020. See ECF No. 1. The complaint is clear, concise, and cogent. On June 10, 2020, the Court directed Plaintiff to resolve the fee status for this case. See ECF No. 4. Plaintiff was able to understand the Court's order and timely submitted a motion for leave to proceed in forma pauperis. See ECF No. 5. On July 23, 2021, the Court permitted Plaintiff an opportunity to file a first amended complaint to cure certain defects identified in the original complaint. See ECF No. 16. Thereafter, Plaintiff elected to proceed on the cognizable claims in the original complaint and the Court recommended dismissal of the defective claims. See ECF Nos. 23, 24. Summons was issued, Defendant was served, and Defendant filed a motion to dismiss.

///

///

1 | While proceeding related to service of Plaintiff's complaint were underway, Plaintiff filed a motion for injunctive relief.  See ECF No. 8.  As with Plaintiff's complaint, Plaintiff's motion for injunctive relief was clear, cogent, and concise.  On November 23, 2020, the Court issued findings and recommendations that Plaintiff's motion for injunctive relief be denied.  See ECF No. 13.  Plaintiff was able to understand the Court's findings and recommendations and he timely filed objections thereto.  See ECF No. 14.  On January 25, 2021, the District Judge adopted the findings and recommendations and denied Plaintiff's motion for injunctive relief.  See ECF No. 15.

The foregoing procedural history reflects that Plaintiff has been able to articulate his claims on his own.  In this regard, the Court observes that the legal and factual issues related to Plaintiff's single Eighth Amendment claim are not complex.

In his August 29, 2022, objections, which the Court herein construes as a motion for the appointment of counsel, Plaintiff states that he suffers from a "learning disability" and that he needs an attorney "to adequately respond to the[] request to dismiss my complaint."  ECF No. 33.  He asks that the Court not dismiss his complaint "[be]cause I am stupid with a documented learning disability."  Id.  Despite Plaintiff's contention of a documented learning disability, Plaintiff has attached no such documentation, either to the current motion or elsewhere in the docket.  Notably, Plaintiff has not previously sought appointment of counsel in this case.

Finally, at this stage of the proceedings with a motion to dismiss pending and no discovery yet conducted, the Court cannot say that Plaintiff has demonstrated any particular likelihood of success on the merits of his Eighth Amendment claim.

In the interest of justice and to provide Plaintiff the fullest opportunity to be heard, the Court will provide Plaintiff additional time to file an opposition to Defendant's motion to dismiss.

///
///
///
///

3

Accordingly, IT IS HEREBY ORDERED that

    1. Plaintiff's request for the appointment of counsel, ECF No. 33, is denied.

    2. Plaintiff may file an opposition to Defendant's motion to dismiss within 30 days of the date of this order.

    3. The Clerk of the Court is directed to forward a copy of Defendant's motion to dismiss, ECF No. 29, to Plaintiff with this order.

Dated: February 27, 2023

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE