IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY G. HAMPTON, JR., | No. 2:20-CV-1001-KJM-DMC-P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| E. WELSCH, | |
| Defendant. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. Pending before the Court is Defendant's motion to dismiss, ECF No. 29. Plaintiff has filed an opposition, ECF Nos. 38 and 39. Defendant has filed a reply, ECF No. 40.

In considering a motion to dismiss, the Court must accept all allegations of material fact in the complaint as true. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). The Court must also construe the alleged facts in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers.

See Haines v. Kerner, 404 U.S. 519, 520 (1972).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief." Id. (quoting Twombly, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, the Court generally may not consider materials outside the complaint and pleadings. See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994). The Court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

Finally, leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

2

# I. BACKGROUND

## A. Plaintiff's Allegations

This action proceeds on Plaintiff's original complaint. Plaintiff names the following as defendants: (1) Lori Austin, the Chief Executive Officer at the California Medical Facility (CMF); (2) S. Gates, the Chief of Health Care Correspondence and Appeals; (3) N. McIntosh, the Chief of Mental Health at High Desert State Prison (HDSP); (4) Jennifer Roy, a clinician at HDSP; (5) Welsch (erroneously sued as "Welch"), a clinician at HDSP; (6) Hagen, a clinician at CMF; and (7) Croshow, a clinician at CMF. Plaintiff alleges the events outlined in the complaint took place at both CMF and HDSP. See ECF No. 1, pg. 1.

Plaintiff states that he sought help from the "available B-Yard clinicians and Ad-Seg clinicians (Dr. Welch, Dr. Roy, etc.)" regarding safety concerns. Id. at 4. According to Plaintiff, he was being victimized by his cellmates and being extorted by violent gang members. See id. Plaintiff states that "custody refused to help me so I began [to] seek help threw [sic] mental help to be place [sic] in E.O.P." Id. Plaintiff states that he was told he could not be placed on E.O.P. unless he was currently taking psychotropic medications prescribed by A-Yard clinicians. See id. Plaintiff states that, while this is untrue, he nonetheless allowed himself to be placed on medication and, despite this, was still not permitted E.O.P. treatment "for the voices and suicide thoughts I was having." Id. Plaintiff states that he was assaulted and robbed by "multiple cellmates I should have never been forced to live with and eventually I had a break down which could have been prevented 10-8-19 and tried to kill myself with a razor." Id.

Next, Plaintiff states that every time he addressed his concerns with B-Yard clinicians at HDSP, he was told to speak to "custody" who refused to help. Id. at 5. Plaintiff claims that he had fears living with a cellmate due to having been molested as a child by a male cousin. See id. Plaintiff states that his request for single-cell status was denied. See id. According to Plaintiff, he was told that if he was suicidal, he would be required to have a cellmate for his safety. See id. Plaintiff states that, despite conveying his concerns to prison staff, he was deliberately placed in 2-man cells with violent gang members. See id. Plaintiff claims that "clinicians like Dr. Roy" began to falsify his medical records and legal documents in order to

minimize his safety concerns and prevent him from being placed on single-cell status. Id. at 6.

More specifically regarding Defendant Welch, Plaintiff states that he initially spoke to HDSP B-Yard clinicians about his safety and suicide concerns and was temporarily placed in administrative segregation where he spoke with Defendant Welch, a psychologist. See id. at 9. According to Plaintiff, he informed Defendant Welch "how bad the voices were in my head and how I was starting to have suicidal thoughts," but Defendant Welch "did nothing to help me." Id.

Plaintiff states the alleged conduct resulted in denial of his Eighth Amendment right to safety. See id. at 4, 5, 6.

### B. Procedural History

On July 23, 2021, the Court issued an order addressing the sufficiency of Plaintiff's complaint. See ECF No. 16. The Court found that Plaintiff states a potentially cognizable claim against Defendant Welsch based on Plaintiff allegation that, despite knowledge of Plaintiff's suicidal ideation, Defendant Welsch did nothing. See id. at 4. The Court otherwise found that Plaintiff's complaint failed to state a cognizable claim against any other defendant. See id. at 4-5. Plaintiff was provided an opportunity to amend and cautioned that, if he did not do so within the time provided, the Court would recommend dismissal of all defendants other than Welsch. See id. at 5-6.

As of February 15, 2022, Plaintiff had not filed an amended complaint and the Court issued findings and recommendations for dismissal of all defendants other than Welsch consistent with the July 23, 2021, order. See ECF No. 23. Concurrent with the findings and recommendations, the Court directed service of process on Defendant Welsch. See ECF No. 24. Plaintiff did not file objections to the July 23, 2021, findings and recommendations, which were adopted in full by the District Judge on May 23, 2022. See ECF No. 30.

Defendant Welsch – the only remaining defendant in this case – filed the pending motion to dismiss on April 25, 2022. See ECF No. 29. As of August 17, 2022, Plaintiff had not filed an opposition and the Court issued findings and recommendations that Defendant's unopposed motion to dismiss be granted pursuant to Eastern District of California Local Rule

230(c)(l).  See ECF No. 32.  On August 29, 2022, Plaintiff filed objections to the findings and recommendations indicating that he never received a copy of Defendant's motion.  See ECF No. 33.  On February 21, 2023, the District Judge referred the matter back to the undersigned for further proceeds on Defendant's motion to dismiss.  See ECF No. 35.  On February 27, 2023, the Court directed the Clerk of the Court to forward to Plaintiff a copy of Defendant's motion to dismiss and provided Plaintiff additional time to file an opposition.  See ECF No. 36.  Plaintiff filed his opposition briefs on March 13 and March 20, 2023.  See ECF Nos. 38 and 39. Defendant filed a reply on March 29, 2023.

## II.  DISCUSSION

This case proceeds against Defendant Welsch on Plaintiff's Eighth Amendment medical care claim.  The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment.  See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994).  The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency."  Estelle v. Gamble, 429 U.S. 97, 102 (1976).  Conditions of confinement may, however, be harsh and restrictive.  See Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety."  Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986).  A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm.  See Farmer, 511 U.S. at 834.  Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind."  See id.

///

///

///

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837. This applies to physical as well as dental and mental health needs. See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982), abrogated on other grounds by Sandin v. Conner, 515 U.S. 472 (1995). An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the ". . . unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994). Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain. See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

The requirement of deliberate indifference is less stringent in medical needs cases than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns. See McGuckin, 974 F.2d at 1060. Thus, deference need not be given to the judgment of prison officials as to decisions concerning medical needs. See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989). The complete denial of medical attention may constitute deliberate indifference. See Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986). Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference. See Lopez, 203 F.3d at 1131. Where delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury. See McGuckin, 974 F.2d at 1060.

Negligence in diagnosing or treating a medical condition does not, however, give rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 106. Moreover, a difference of opinion between the prisoner and medical providers concerning the appropriate course of treatment does not give rise to an Eighth Amendment claim. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

In his motion to dismiss, Defendant Welsch argues that the complaint fails to state facts sufficient to state an Eighth Amendment claims against him. See ECF No. 29-1. According to Defendant:

> The Court should find that the complaint fails to state a claim against Welsh because there are no facts showing that, on August 1, 2019, the date of the committee hearing, Welsh was aware of any acute safety risk. The only allegations involving Welsh are that Hampton visited with him some time while he was in administrative segregation between July 26, 2019, and August 1, 2019. Welsh was then on a committee that decided to transfer Hampton from administrative segregation to B-Yard. There are no facts that Welsh was aware of any acute danger on B-Yard, or that Hampton required any other specific treatment. Nor are there any facts that Welsh failed to act on any known danger. There are no facts that any specific danger was present on B-Yard or that any dangerous events occurred on that yard. The complaint thus does not link Welsh to any affirmative act or omission that could violate Hampton's rights. The complaint also specifically accuses supervisory staff as being ultimately responsible for any decisions that caused his injuries. (Compl. at 7 ("There are multiple clinicians I spoke to but their supervisors are ultimately the ones responsible for the decisions that have adversely effected my life and caused my injuries.")
> Regarding mental health care, Hampton was re-housed to A-Yard, where he received treatment from other staff members, and then housed in administrative segregation again, and then moved to another institution. Therefore, in addition to failing to link Welsh to any constitutional violation, the separate moves throughout the institution, the treatment by other unnamed clinicians, and the rules violation finding also break any plausible causal link between Welsh's involvement at the August 1 committee and any related constitutional violation. Accordingly, the Court should find that the complaint fails to state a claim upon which relief can be granted.

ECF No. 29-1, pgs. 7-8.

For these same reasons, Defendant also argues that the complaint contains insufficient factual allegations to establish the subjective deliberate indifference component of an Eighth Amendment claims. See id. at 9.

The Court does not agree. In the complaint, Plaintiff states that he spoke with Defendant Welsch – a prison mental health provider – while in administrative segregation and told Welsch "how bad the voices were in my head and how I was starting to have suicidal thoughts but when I went to Committee 8-1-10 Dr. Welch [sic] did nothing to help me. . . ." ECF No. 1, pg. 9. Construing this allegation liberally, as the Court must, and drawing all reasonable inferences, as the Court must, Plaintiff's allegation is sufficient to survive dismissal. If Defendant

7

Welsch believes the evidence will show that he was not deliberately indifferent to Plaintiff's stated mental health concerns and suicidal ideation, he may make that argument in the context of a motion for summary judgment at a later stage of the proceedings. In the meantime, the Court finds Plaintiff's allegations sufficient to require Defendant Welsch to answer.

### III.  CONCLUSION

Based on the foregoing, the undersigned recommends that Defendant's motion to dismiss, ECF No. 29, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 30, 2023

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE