IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY G. HAMPTON, JR., | No. 2:20-cv-01001-KJM-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| WELCH, | |
| Defendant. | |

Plaintiff, a state prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge as provided by Eastern District of California local rules.

On March 31, 2023, the Magistrate Judge filed findings and recommendations, which were served on the parties and contained notice that the parties may file objections within the time specified therein.  Findings and Recommendations, ECF No. 42.  Defendant has filed objections.  *See* Objs., ECF No. 43.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case.  Having reviewed the file, the court finds the findings and recommendations to be supported by the record and by the proper analysis.

The magistrate judge recommends this court deny defendant's motion to dismiss.  *See* Findings and Recommendations at 7–8.  In response, defendant argues plaintiff's Eighth

1   Amendment claim should be dismissed because there are intervening events that cut off his
2   alleged liability. *See* Objs. at 4–6. He points to eleven purportedly superseding events that break
3   the causal chain between his alleged inaction when plaintiff sought medical treatment and
4   plaintiff's attempted suicide. *See id.* at 5. However, defendant's argument is unpersuasive
5   because plaintiff does not have the burden at this stage to plead his explanation is the *only*
6   plausible one. Instead, he simply must plead his explanation is plausible. "If there are two
7   alternative explanations, one advanced by defendant and the other advanced by plaintiff, both of
8   which are plausible," then the "complaint survives a motion to dismiss under Rule 12(b)(6)."
9   *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The complaint "may be dismissed only when
10  defendant's plausible alternative explanation is so convincing that plaintiff's explanation is
11  *im*plausible." *Id.* (emphasis in original).

12   Here, defendant has not shown plaintiff's explanation is implausible. In fact, he likely
13  could not do so. Plaintiff alleges he was concerned about his safety, wanted to transfer locations
14  and so "began to speak to psych Dr. Welch." Compl. at 9, ECF No. 1. He alleges he "told him
15  how bad the voices were in [his] head and how [he] was starting to have suicidal thoughts[.]" *Id.*
16  However, when he went to the committee to transfer, "Dr. Welch did nothing to help [him] and
17  committee kicked [him] back to B-Yard where [his] life was in danger[.]" *Id.* He further alleges
18  he was forced to stay in a cell with violent gang members who threatened his life, which led to his
19  "having a mental break down[.]" *Id.* Ultimately, he alleges this "break down which could have
20  been prevented" led him to try "to kill [him]self with a razor." *Id.* at 4.

21   These allegations permit the court to infer defendant's alleged inaction is the actual and
22  proximate cause of plaintiff's attempted suicide. Drawing all reasonable inferences in plaintiff's
23  favor, plaintiff plausibly alleges: he sought help from defendant; he told defendant he was
24  suicidal; he told defendant he wanted to transfer for his safety; defendant refused to help him; as a
25  result, plaintiff was put in further danger, leading to a mental breakdown and attempted suicide.
26  *See id.* at 4, 9. To be sure, defendant does point out an alternative, plausible theory. In short,
27  other events could have broken the causal chain, such as a non-party clinician later telling
28  plaintiff she only needed to speak with him every 90 days even though he told her he was

suicidal. *See* Objs. at 5. But defendant's competing theory is merely a plausible alternative explanation. On this record, the court cannot conclude defendant's competing theory is *so* convincing that plaintiff's explanation is implausible.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed March 31, 2023, are adopted in full;

2. Defendant's motion to dismiss, ECF No. 29, is DENIED;

3. Defendant shall file an answer to Plaintiff's complaint within 30 days of the date of this order; and

4. This matter is referred back to the assigned Magistrate Judge for further pre-trial proceedings.

DATED: August 24, 2023.

CHIEF UNITED STATES DISTRICT JUDGE