UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Gary Grant Hampton, Jr.,<br><br>              Plaintiff,<br><br>         v.<br><br>Austin, et al.,<br><br>              Defendants. | No. 2:20-cv-01001-KJM-DMC<br><br>ORDER |

Plaintiff Gary Hampton, an inmate in a California state prison, filed this action and pursued it without an attorney through judgment. In January of this year, the case was pending on allegations against one defendant, Dr. Welsh, a prison psychologist. Welsh sought summary judgment based on his argument that Hampton had not filed any inmate grievances about Welsh's actions, as required by the Prison Litigation Reform Act. *See generally* Mot., ECF No. 55. Hampton did not file an opposition. The Magistrate Judge considered Welsh's motion and the record and agreed there was no evidence to show Hampton had ever filed grievances about Welsh. *See generally* F&Rs, ECF No. 57. He recommended granting the motion. *See id.*

Hampton objected to the Magistrate Judge's findings and recommendations. *See generally* Objections, ECF No. 58. He argued he had in fact filed many complaints and grievances over the years, including many medical grievances. *See, e.g.*, *id.* at 3–4. He did not, however, cite any evidence to show he had filed grievances about Welsh, as the state correctly

1

pointed out in a reply to Hamptons objections.  *See generally* Reply, ECF No. 59.  For that reason, this court adopted the Magistrate Judge's findings and recommendations and granted Welsh's summary judgment motion.  *See* Order, ECF No. 63.  Judgment was entered on September 16, 2024.  ECF No. 64.

      A few days later, Hampton filed a motion reiterating the argument he advanced in objection to the Magistrate Judge's findings and recommendations, i.e., that he had filed many grievances and pursued many appeals to no avail.  *See* Mot. Postjudgment Relief, ECF No. 65.  Because he filed that motion less than twenty-eight days after the court entered judgment, it operates as a motion for reconsideration and relief under Federal Rule of Civil Procedure 59(e).  *See Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001).  Except in "highly unusual circumstances," plaintiffs are not entitled to relief under Rule 59(e) unless they offer newly discovered evidence, cite changes in the controlling law, or identify clear errors.  *See 389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).  Hampton has not cited newly discovered evidence, changes in the law, or clear errors.  Nor has he demonstrated these are "highly unusual circumstances."  He has reiterated arguments he offered in response to the Magistrate Judge's previous findings and recommendations.  Courts do not grant motions for reconsideration based on arguments they have already heard.  *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.75 (2008).

      The motion at ECF No. 65 is **denied**.

      IT IS SO ORDERED.

DATED:  October 8, 2024.

UNITED STATES DISTRICT JUDGE